**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

CASE NO. 12-cr-0242-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**2.    ARNALDO ALVAREZ-GONZALEZ, and
4.    RICKY HENRY CISNEROS**

      Defendants.
_____

**PROTECTIVE ORDER REGARDING JENCKS ACT MATERIAL AND
RULE 26.2 MATERIAL**
_____

This matter is before the Court on the Government's Unopposed Motion for

Protective Order Regarding Jencks Act Material and Rule 26.2 concerning the use,

custody, and circulation of Jencks Act material and Fed. R. Crim. P. 26.2 material

disclosed in relation to the above captioned case as to the above-named Defendants.

(ECF No. 592)  See Title 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a)(2), 26.2 and 49.1;

*Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Ruiz*, 536 U.S. 622, 631-

32 (2002) (upholding the right of the Government to withhold confidential informant

information in the context of plea bargaining before trial).

The Government informs the Court that the underlying investigation involved a

Court ordered wiretap investigation. In light of the general principles of liability for the

reasonably foreseeable misconduct of others under the rationale of cases like *Pinkerton*

*v. United States*, 328 U.S. 640 (1946), and principles for the determination of relevant

offense conduct under U.S. Sentencing Guidelines Section 1B1.3, the Government

advises the Court that the various defendants likely have an interest in learning of the Rule 16 discovery of their co-defendants.  In order to disclose such material in a manner consistent with the purposes of the Federal Rules of Criminal Procedure, the Government is asking the Court to enter the present order for the management of this case. For good cause, the Court may enter a protective order regulating discovery in a criminal case pursuant to Fed. R. Crim. P. 16(d) and the All Writs Act, Title 28 U.S.C. § 1651.

The Court is familiar with the file in this case and has reviewed the motion.  The Government has expressed concerns the Rule 26.2 and Jencks Act protected documents such as witness statements and reports of statements of witnesses or persons assisting law enforcement shall not be left in the exclusive custody of the Defendants or be published outside of official proceedings in this case.  The Government cites concerns for witnesses or other persons that could stem from the unauthorized publication, duplication, or circulation of recordings or certain written documents, possibly to include photographs or personal identifying information reflected in NCIC/CCIC types of reports, or other records which may be disclosed to the defense in the context of general pretrial discovery.

The Court FINDS that the concerns expressed have merit, that the burden on the defense of controlling the dissemination of such material is not unreasonably onerous, and that encouraging the early disclosure of Jencks Act material may encourage the fair and prompt resolution of the case. Government counsel advises the Court that defense counsel of record as of November 20, 2013, have reviewed the proposed draft protective order and do not oppose the proposed order at this time.

Being now sufficiently advised in the premises, the Court FINDS it is in the best interests of justice to grant the Government's motion.

It is hereby ORDERED as follows:

The Government's Unopposed Motion for Protective Order Regarding Jencks Act Material and Rule 26 filed November 21, 2013, is GRANTED. Rule 26.2 material and Jencks Act material, to include witness statements and reports of witness statements or debriefings, and personal identifying information such as addresses, dates or birth, and Social Security numbers for witnesses or other persons, any NCIC/CCIC reports, and similar records furnished to the defense by the Government in this case, shall be used only for official purposes related to judicial proceedings in this case, to include any appeal, and for no other purpose.

Further, Rule 26.2 material and Jencks Act material reflecting the personal identifying information described above, to include records showing statements by witnesses, reports of witness statements or debriefing statements, criminal history documents, or testimony shall remain in the physical custody and control of the defense attorneys who have entered their appearance in this case, their associates, and the confidential employees of such defense attorneys. Such Rule 26.2 and Jencks Act material shall not be left in the exclusive custody of the Defendants. The Defendants, witnesses, and other persons assisting the attorneys for the Defendants may review Rule 26.2 and Jencks Act material, but such review must be accomplished without violating the rule that the Rule 26.2 and Jencks Act material is to remain, at all times, under the custody and physical control of the attorneys, either personally or through the custody and control of associates or confidential employees of the attorneys.

With the exception of copies prepared by counsel of record or their staff for official use in relation to this case, unless the attorneys for the defense and the Government come to a specific understanding to the contrary, the Rule 26.2 material and Jencks Act material disclosed to the defense, to include disclosure made through the use of electronic media, shall not be copied, reproduced, published or publicly circulated by the defense without further order of Court or until it is used in judicial proceedings at time of trial or in official hearings or proceedings related to this case.

In the event the defense and the Government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they may do so by mutual agreement.

In the event that the defense and the Government disagree or are unclear about the meaning or application of this Order with respect to some document, file, photograph, or other material in the case, the parties may bring the issue to the attention of the Court.

At the conclusion of the case, the described Rule 26.2 material and Jencks Act material, NCIC/CCIC records, audio files, video files, and photographs may be returned to the Government.

Dated this 22nd day of November, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge