**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martinez**

Criminal Action No. 12-cr-00242-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2.    ARNALDO ALVAREZ-GONZALEZ,**

    Defendant.

---

**ORDER *SUA SPONTE* VACATING SENTENCING HEARING PENDING
CONGRESS'S CONSIDERATION OF THE SMARTER SENTENCING ACT**

---

Defendant Arnaldo Alvarez-Gonzalez has pled guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, or 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii).  (ECF No. 768.)  Sentencing is currently set for July 11, 2014.  (ECF No. 820.)

The crime to which Defendant has pled guilty presently carries a statutory mandatory minimum sentence of ten years imprisonment.  *See* 21 U.S.C. § 841(b)(1)(A)(viii).  As set forth in the Presentence Investigation Report, Defendant has a total offense level of 30[1] and criminal history category of II, which results in an advisory

---

[1] This offense level contemplates the Court's grant of the Defendant's Motion for Variance, which seeks a two-level reduction in his offense level based on the proposed amendments to the United States Sentencing Guidelines.  (ECF No. 838.)  The Government does not oppose the Motion, and the Court sees no reason why it would not grant the reduction.

guideline sentencing range of 108-135 months.  The Court anticipates that, prior to sentencing, Defendant will file a motion to reduce the offense level by two, based on pending changes to the United States Sentencing Guidelines.  Given the direction from the Attorney General that such motions not be opposed by the Government, the Court anticipates granting such motion.  With an offense level of 28 and criminal history category of II, the Defendant's advisory guideline range at the time of sentencing will likely be 87-108 months.

Despite the fact that this range falls below the statutory mandatory minimum sentence, if sentencing were held as currently scheduled, the Court would be forced to impose a sentence that includes ten years imprisonment.  However, legislation is currently pending before Congress which would rightly allow federal judges to more freely exercise their proper sentencing authority and, in the process, allow them to more meaningfully and with greater precision apply the statutory sentencing factors enumerated in 18 U.S.C. § 3553(a).  *See* Smarter Sentencing Act of 2014, S.R. 1410, 113th Congress (2013-14) (accessed through Library of Congress's website at http://thomas.loc.gov/cgi-bin/query/z?c113:S.1410:).  The greater sentencing flexibility federal judges would gain under this legislation would permit them, when appropriate, to temper the harsh results which frequently occur when sentencing judges are constrained by the unyielding application of mandatory minimum sentences.

The Smarter Sentencing Act could potentially affect the Court's consideration of the appropriate sentence for this Defendant in two ways.  First, it would reduce the mandatory minimum for the offense at issue here from ten years to five years.  *See id.* (changing mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) from 10 years

to 5 years).  Second, it would potentially make Defendant eligible for the safety valve provision set forth in 18 U.S.C. § 3553(f).  *Id.* (changing eligibility for the safety valve provision from offenders with no more than 1 criminal history point to offenders with a criminal history category of not higher than II).

The Court acknowledges that, given the fiercely partisan makeup and gross ineptitude of the current Congress, it is questionable whether the Smarter Sentencing Act will become law.  Nonetheless, the Act has bi-partisan support in both the Senate and the House of Representatives, as well as the support of the Attorney General.  In the Senate, it passed the Judiciary Committee on a vote of 13-5, and is now before the full Senate for a vote.  While  passage of the Act is far from certain, significant progress has been made.

Moreover, if the Smarter Sentencing Act does not ultimately pass, the Defendant will in all likelihood be in federal custody for at least ten years.  The fact that he may end up serving a greater portion of his custodial sentence in the pretrial custody of the United States Marshal, rather than in the post-judgment custody of the Bureau of Prisons, is immaterial to the Court.  Given the significant impact the Smarter Sentencing Act could have on *this* particular Defendant's sentence, the Court finds that the interests of justice warrant a continuance of the sentencing hearing to permit Congress a reasonable period of time within which to act.

Accordingly, on its own Motion, the Court ORDERS that the Defendant's July 11, 2014 sentencing hearing be VACATED and the same is hereby RESET to January 9, 2015 at 2:30 p.m. in Courtroom A801.

Dated this 27th day of June, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge